UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT TUCKER and ADAM SANDERS, <br><br> Plaintiffs, <br><br> -against- <br><br> BOARD OF ELECTIONS IN THE CITY OF NEW YORK; JOSE MIGUEL ARAUJO, MIGUELINA CAMILO, GINO A. MARMORATO, MICHAEL MICHEL, SIMON SHAMOUN, TIFFANY TOWNSEND, and JOHN WM. ZACCONE, in their official capacities as Commissioners of the Board of Elections in the City of New York; NEW YORK STATE ASSEMBLYMEMBER DAN QUART, in his individual capacity; <br><br> Defendants. | No. _____ <br><br><br> **COMPLAINT** |

Plaintiffs Robert Tucker and Adam Sanders, by and through their attorneys,

Emery Celli Brinckerhoff & Abady LLP, for their Complaint allege as follows:

## PRELIMINARY STATEMENT

1.      Plaintiffs are Democratic voters from New York's 73rd Assembly District

who want to send a new Assemblymember to Albany.  They each intend to vote for Cameron

Koffman, a 22-year-old recent college graduate and lifelong resident of Manhattan's Upper East

Side, who is running on a platform of progressive change and who is seeking to unseat the

incumbent Democratic Assemblymember, Defendant Dan Quart, who has been representing the

73rd District since 2011.

2.      Plaintiffs are particularly attracted to Koffman's youth.  They seek

representation in Albany that is not beholden to the Democratic Party establishment and that will

put the interests of district constituents first.  At 22 years old, Koffman would be the youngest

person to ever be elected to the New York State Assembly, overtaking Theodore Roosevelt, who was elected to the Assembly at the age of 23 in 1882.

3.      Koffman's opponent, Quart, meanwhile, is running for the office of Manhattan District Attorney at the same time he is running as an incumbent for his current seat in the State Assembly.  Plaintiffs are concerned about the fact that Quart is simultaneously running for two offices.

4.      Plaintiffs have no connection to Koffman or his campaign other than that they want to vote for him.

5.      Quart is now threatening Plaintiffs' constitutional rights to vote for Koffman, their candidate of choice.

6.      On March 25, 2020, Quart filed a proceeding in New York County Supreme Court seeking to disqualify Koffman as a candidate because he attended Yale University in New Haven, Connecticut from 2015 to 2019.

7.      Quart alleges that Koffman does not satisfy the New York State Constitution's five-year state residency requirement because Koffman went to Yale and voted in Connecticut while he was a student.

8.      Plaintiffs do not care in which state Koffman attended college.  For them, Koffman's recent college experience is an asset, providing him with a fresh perspective that has not been steeped within the political machinery that drives so much of the agenda in Albany, as well as traditional New York City Democratic politics.

9.      Plaintiffs see Koffman for what he is: a young, lifelong resident of the Upper East Side who went to college and then came home to represent the community he knows and loves.  That is why they want to vote for him.

10.    Quart's attempt to disqualify Koffman's candidacy actually and imminently threatens Plaintiffs' fundamental constitutional rights under the First and Fourteenth Amendments to: (1) associate for the advancement of their political beliefs; (2) cast their votes effectively; and (3) enjoy equal protection under the laws.

11.    To protect Plaintiffs' fundamental constitutional rights, Plaintiffs seek (1) a declaration that Article 3, Section 7 of the New York State Constitution is unconstitutional as applied to prevent Plaintiffs from voting for Koffman, a qualified candidate for the office of Member of the New York State Assembly for the 73rd Assembly District; and (2) an order directing Defendant Board of Elections in the City of New York to include Koffman on the ballot for the Democratic primary race for New York State Assembly in the 73rd Assembly District, currently scheduled for June 23, 2020.

**THE PARTIES**

12.    Plaintiff Robert Tucker is a registered Democrat and resident of New York State Assembly District 73.  Mr. Tucker is eligible to vote in the Democratic primary election currently scheduled for June 23, 2020, and intends to vote for Koffman for New York State Assembly.

13.    Plaintiff Adam Sanders is a registered Democrat and resident of New York State Assembly District 73.  Mr. Sanders is eligible to vote in the Democratic primary election currently scheduled for June 23, 2020, and intends to vote for Koffman for New York State Assembly.

14.    Defendant Board of Elections in the City of New York ("NYCBOE") is the agency vested with the responsibility for administration and enforcement of all laws relating to elections in the five counties of the City of New York, including the Democratic Party primary

3

election for the candidate for the New York State Assembly District 73.  Pursuant to New York Election Law § 4-114, the NYCBOE shall determine the candidates duly nominated for public office no later than the thirty-fifth day before the day of a primary election.  The NYCBOE's executive office is located at 32-42 Broadway in New York, New York.

15.    Defendants Jose Miguel Araujo, Miguelina Camilo, Gino A. Marmorato, Michael Michel, Simon Shamoun, Tiffany Townsend, and John Wm. Zaccone are the Commissioners of Elections of the NYCBOE and are appointed by the City Council of the City of New York pursuant to New York Election Law § 3-200.  Each is named in his/her official capacity.  Together with the NYCBOE, these defendants are referred to as the "NYCBOE Defendants."

16.    Defendant Dan Quart is the incumbent Member of the New York State Assembly for the 73rd Assembly District.  Quart and Koffman are the only candidates running in the Democratic Party primary election for New York State Assembly District 73.  Quart is a declared candidate for the Manhattan District Attorney race in 2021.  On March 25, 2020, Quart filed an action in the Supreme Court, New York County, under New York Election Law § 16-10, seeking an order declaring Koffman ineligible to hold the office of Member of Assembly, declaring invalid Koffman's petition filed with the NYCBOE, and enjoining the NYCBOE from placing Koffman on the ballot to be used for the June 23, 2020 primary election.  Quart is named as a Defendant because he has an interest in the subject of this action.

## JURISDICTION AND VENUE

17.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

18.    The instant action arises under the First and Fourteenth Amendments to the United States Constitution.

4

19.    The acts complained of occurred in the Southern District of New York and venue is lodged in this Court pursuant to 28 U.S.C. § 1394(b) because a substantial part of the events and/or omissions giving rise to the claims occurred in the District.

## FACTUAL ALLEGATIONS

### *New York's Five-Year State Residency Requirement*

20.    The New York State Constitution provides that "[n]o person shall serve as a member of the legislature unless he or she is a citizen of the United States and has been a resident of the state of New York for five years, and . . . of the assembly or senate district for the twelve months immediately preceding his or her election."  N.Y. Const. art. III § 7.

21.    This provision was first adopted at the New York State Constitutional Convention of 1938, where Delegate James J. Heffernan offered an Amendment to the State Constitution to "require men or women who seek election to either the Assembly or the Senate to live in either the Assembly or the Senate district for a period of one year before the election."[1]

22.    Convention Delegate William J. Kuczwalski subsequently introduced a related Amendment requiring Assembly and Senate candidates to live in the State of New York for five years preceding their election.[2]

23.    The combined Heffernan-Kuczwalski Amendment read as follows: "No person shall serve as a member of the Legislature unless he or she is a citizen of the United States and has been a resident of the State of New York for five years and of the Assembly or Senate District for the twelve months immediately preceding his or her election."[3]

---

[1]  Revised Record of the Constitutional Convention of the State of New York, Vol. III 2387 (1938).

[2]  *Id.* at 2388–89.

[3]  *Id.* at 2389.

5

24.     Delegate Kuczwalski, the framer of the five-year state residency requirement, explained that such a restriction was appropriate because "anyone who is elected to the Legislature which makes the laws of this State should be well grounded and well qualified and understand the conditions of this State before he is elected to that office."[4]

25.     Speaking in support of the amendments, Delegate Irwin Steingut added that residency requirements were necessary because "a man who is elected a member of the Legislature representing an Assembly or Senate district . . . should be responsive to the people of that community, and he ought to have some idea of what type of persons live in that community and what the people of that community desire and what their problems are."[5]

26.     The Convention Delegates voted in favor of the five-year State and one-year District residency requirement Amendments.[6]

27.     The combined Amendment was placed on the general election ballot later that year and, on November 8, 1938, the people of the State of New York voted to ratify the Amendment to Article 3, Section 7 of the New York State Constitution to add five-year state and one-year district residency requirements for election to the State Senate or Assembly.

28.     New York takes a pragmatic and flexible approach to defining a person's place of residence for electoral purposes.

29.     For example, under New York law, no person shall be deemed to have gained or lost a residence for electoral purposes because he or she was "a student of any institution of learning."  N.Y. Elec. L. § 5-104.

---

[4] *Id.* at 2388.
[5] *Id.* at 2389.
[6] *Id.* at 2387, 2391.

30.	New York law also allows voters and candidates with multiple residences to choose the one to which he or she has legitimate, significant, and continuing attachments as his or her residence for purposes of the New York Election Law.[7]

***Cameron Koffman is a Lifelong New York Resident***

31.	Upon information and belief, Koffman has a well-grounded understanding of conditions in New York generally, and in the 73rd Assembly District in particular.

32.	Upon information and belief, Koffman was born and raised on the Upper East Side of Manhattan, within the 73rd Assembly District.

33.	Upon information and belief, Koffman currently lives within the 73rd Assembly District.

34.	Upon information and belief, Koffman's immediate family, his mother, father, and four siblings, all live within the 73rd Assembly District as well.

35.	Upon information and belief, Koffman has extended family who live in the 73rd Assembly District.

***Koffman Attends Yale University as an Undergraduate***

36.	Upon information and belief, the only time Koffman has lived outside the Upper East Side was when he attended Yale University as an undergraduate.

37.	Upon information and belief, Koffman lived in on-campus college dormitories at Yale during the academic year from 2015 to 2019.

38.	Between 2015 and 2019, Yale's winter recess ran from approximately mid-December through mid-January.

---

[7] New York State Board of Elections, *Election Law Update 2019* 2–3 (2019), https://www.elections.ny.gov/NYSBOE/download/law/2019ElectionLawUpdate.pdf (last visited April 16, 2020).

7

39. Between 2015 and 2019, Yale's summer recess ran from approximately mid-May through the end of August.

40. Upon information and belief, during the time he attended Yale, Koffman spent the majority of Yale's winter and summer recesses at his home on the Upper East Side.

41. Upon information and belief, Koffman frequently returned to his home on the Upper East Side during the academic year from 2015 to 2019.

42. Upon information and belief, like most Yale students, Koffman's living situation in New Haven was temporary and transient in nature.

43. Upon information and belief, Koffman moved campus residences multiple times during his undergraduate career.

44. Upon information and belief, while he was a student at Yale, Koffman's family home in New York was in fact his fixed, permanent, and principal residence.

45. Upon information and belief, during college, Koffman received jury duty summonses at his Upper East Side address.

46. Upon information and belief, during college, Koffman received bills and other official mail at his Upper East Side address.

47. Upon information and belief, Koffman kept many of his belongings in his Upper East Side home while he attended Yale, including his car.

48. Upon information and belief, after he graduated from Yale in May 2019, Koffman returned to his home on the Upper East Side.

49. Upon information and belief, Koffman has physically resided at his home on the Upper East Side continuously since May 2019.

***Koffman Registers to Vote in Connecticut***

50.     August 15, 2015, Koffman registered to vote in the State of Connecticut.

51.     To register to vote in Connecticut, Koffman was not required to swear or attest that Connecticut was his primary residence or his sole electoral residence.

52.     Koffman did not swear or attest that Connecticut was his primary residence or his sole electoral residence.

53.     Koffman was required to provide only his name, date of birth, last four digits of his social security number, his temporary Connecticut address at Yale, his mailing address, his telephone number, his gender, his political affiliation (if any), and to affirm he was a United States citizen.

54.     On his Connecticut voter registration form, Koffman listed his Upper East Side address as his mailing address.

55.     When he registered to vote in Connecticut, Koffman never disavowed that his home on the Upper East Side was his primary residence.

56.     When he registered to vote in Connecticut, Koffman never disavowed his right to vote in the 73rd Assembly District.

***Cameron Koffman's Candidacy***

57.     In October 2019, Koffman declared his candidacy for the 2020 Democratic Party nomination for the office of Member of the New York State Assembly for the 73rd District.

58.     Upon information and belief, Koffman submitted all necessary paperwork to the NYCBOE to qualify him to be placed on the ballot for the Democratic primary for New York State Assembly in the 73rd District.

***Plaintiffs Intend to Vote for Cameron Koffman in the Democratic Primary***

59.     Plaintiffs are members of the Democratic Party who are registered to vote in the 73rd Assembly District.

60.     Plaintiffs each intend to vote for Koffman for Member of the Assembly for the 73rd District in the June 23, 2020 Democratic Party primary election.

61.     Mr. Tucker is 64 years old.

62.     Having engaged in numerous political discussions with his two children who are in their twenties, Mr. Tucker believes his generation and older people more generally are overrepresented among lawmakers in Albany.

63.     Though Mr. Tucker has never met Koffman, he is interested in voting for Koffman because he believes it is time for a younger generation of leaders to put their new ideas to work to try to fix the mistakes Mr. Tucker's generation made.

64.     Mr. Tucker is also concerned that Koffman's opponent, Quart, is running for two offices at the same time.

65.     Mr. Sanders intends to vote for Koffman because his candidacy brings a fresh perspective to the primary race.

66.     Mr. Sanders had the opportunity to meet Koffman once in March 2020 on the Upper East Side.

67.     Mr. Sanders was impressed by Koffman's independent thinking and by his desire to put the needs of his community before party politics.

68.     Mr. Sanders sees Koffman's youth as an asset and is excited by the prospect of electing someone from Koffman's generation to the Assembly.

10

69.    Mr. Sanders is also concerned that Quart is running for two offices simultaneously.

70.    Koffman is Quart's sole primary challenger.

71.    Plaintiffs are concerned that if Koffman is disqualified from the ballot, no one will be on the ballot to challenge Quart for the Democratic nomination for New York State Assembly for the 73rd District.

72.    The 73rd Assembly District has elected a Democratic candidate for Assembly in every election since 2003.

### Quart Creates an Imminent Threat to Cameron Koffman's Candidacy

73.    On March 27, 2020, Quart filed an action in New York County Supreme Court under N.Y. Elec. Law § 16-10 against Koffman and the NYCBOE. *Dan Quart v. Cameron Alex Koffman, et al.*, Index No. 100430/20 (N.Y. Sup. Ct., N.Y. Cty. Mar. 27, 2020).

74.    Plaintiffs are not parties to Quart's state court proceeding.

75.    Quart claims that Koffman's time as an undergraduate student at Yale renders him ineligible to run for office under New York's residency requirement.

76.    Quart effectively seeks to disqualify Koffman from running for state office until Koffman is 26 years old, simply because he attended an out-of-state college.

77.    Quart seeks an order (1) declaring Koffman ineligible to hold the office of Member of Assembly; (2) declaring invalid Koffman's petition filed with the NYCBOE; and (3) enjoining the NYCBOE from placing Koffman's name on the ballots to be used for the June 23, 2020 primary election.

11

78.     Quart's state court challenge to Koffman's candidacy creates an actual and imminent risk that Plaintiffs will not be able to exercise their constitutional right to vote for Koffman on June 23, 2020, or whenever the primary is ultimately held.

79.     The New York County Supreme Court is expected to hear Quart's case on May 5, 2020.

80.     Pursuant to New York Election Law § 4-114, the NYCBOE shall determine the final list of candidates who will appear on the official ballot for the June 23, 2020 Democratic Party primary election no later than May 19, 2020.

**FIRST CAUSE OF ACTION**
**First Amendment**
**(42 U.S.C. § 1983)**

81.     Plaintiffs repeat and reallege the above paragraphs as if the same were fully set forth at length herein.

82.     42 U.S.C. § 1983 prohibits any person acting under color of state law, custom, or usage to deprive a citizen of rights secured by the United States Constitution.

83.     At all relevant times, the NYCBOE Defendants acted under color of state law.

84.     Under the First Amendment to the Constitution of the United States of America, Plaintiffs have the right to freedom of association.

85.     The First Amendment gives Plaintiffs the overlapping rights to (1) associate for the advancement of their political beliefs; and to (2) cast their votes effectively.

86.     Applying New York's five-year residency requirement to disqualify Koffman from the ballot and prevent Plaintiffs from voting for him is not narrowly tailored to advance an adequate state interest and therefore violates Plaintiffs' First Amendment rights.

12

87.    Plaintiffs' ability to exercise their First Amendment rights is under actual and imminent threat as a result of Quart's efforts to disqualify Koffman's candidacy.

88.    To ensure Plaintiffs can exercise their First Amendment rights, Plaintiffs are entitled to an injunction requiring the NYCBOE Defendants to place Koffman on the ballot for the Democratic primary election for New York State Assembly in the 73rd District, currently scheduled for June 23, 2020.

**SECOND CAUSE OF ACTION**
**Fourteenth Amendment – Equal Protection Clause**
**(42 U.S.C. § 1983)**

89.    Plaintiffs repeat and reallege the above paragraphs as if the same were fully set forth at length herein.

90.    42 U.S.C. § 1983 prohibits any person acting under color of state law, custom, or usage to deprive a citizen of rights secured by the United States Constitution.

91.    At all relevant times, the NYCBOE Defendants acted under color of state law.

92.    Under the Fourteenth Amendment to the Constitution of the United States of America, Plaintiffs have the right to equal protection of the laws.

93.    Plaintiffs have a fundamental right to vote and a related fundamental right to vote for the candidate of their choosing.

94.    New York's five-year state residency requirement for Assembly candidates, as applied to disqualify Koffman, disproportionately burdens Plaintiffs' fundamental right to vote for Koffman.

95.    New York's five-year state residency requirement for Assembly candidates, as applied to disqualify Koffman, is not sufficiently tailored to serve the state's

interests, and therefore violates Plaintiffs' equal protection rights under the Fourteenth Amendment.

96. Plaintiffs' ability to exercise their Fourteenth Amendment rights is under actual and imminent threat as a result of Quart's efforts to disqualify Koffman's candidacy.

97. To ensure Plaintiffs can exercise their Fourteenth Amendment rights, Plaintiffs are entitled to an injunction requiring the NYCBOE Defendants to place Koffman on the ballot for the Democratic primary election for New York State Assembly in the 73rd District, currently scheduled for June 23, 2020.

**THIRD CAUSE OF ACTION**
**Declaratory Judgment**
**(Fed. R. Civ. P. 57 and 28 U.S.C. §§ 2201–02)**

98. Plaintiffs repeat and reallege the above paragraphs as if the same were fully set forth at length herein.

99. A justiciable case and controversy exists because Quart's efforts to disqualify Koffman actually and imminently threaten Plaintiffs' First and Fourteenth Amendment rights to vote for Koffman.

100. Plaintiffs' rights to free assembly and equal protection of the laws will be infringed upon and substantially violated if they are not permitted to vote for Koffman.

101. Plaintiffs are entitled to a declaratory judgment that their First and Fourteenth Amendment rights to vote for Koffman cannot be abridged by an unconstitutional application of New York's five-year state residency requirement.

102. Plaintiffs have a strong likelihood of succeeding on the merits of their claims.

14

WHEREFORE, Plaintiffs respectfully request judgment against Defendants as follows:

a)  Declaring Article 3, Section 7 of the New York State Constitution unconstitutional as applied to prevent Plaintiffs from voting for Cameron Koffman, a qualified candidate for the office of Member of the New York State Assembly for the 73rd Assembly District;

b)  Ordering the NYCBOE Defendants to include Cameron Koffman on the ballot for the Democratic primary race for New York State Assembly in the 73rd Assembly District, currently scheduled for June 23, 2020;

c)  Awarding Plaintiffs attorneys' fees, costs, and expenses incurred in prosecuting this action; and

d)  Granting Plaintiffs such other further relief as may be just and proper.

Dated: New York, New York
       April 17, 2020

EMERY CELLI BRINCKERHOFF &
ABADY LLP

By: _____/s/_____
        Richard D. Emery
        Samuel Shapiro
        Nick Bourland
        600 Fifth Avenue, 10th Floor
        New York, New York 10020
        (212) 763-5000

*Attorneys for Plaintiffs*

15