EMERY CELLI BRINCKERHOFF & ABADY LLP

RICHARD D. EMERY
ANDREW G. CELLI, JR.
MATTHEW D. BRINCKERHOFF
JONATHAN S. ABADY
EARL S. WARD
ILANN M. MAAZEL
HAL R. LIEBERMAN
DANIEL J. KORNSTEIN
O. ANDREW F. WILSON
ELIZABETH S. SAYLOR
KATHERINE ROSENFELD
DEBRA L. GREENBERGER
ZOE SALZMAN
SAM SHAPIRO

ATTORNEYS AT LAW
600 FIFTH AVENUE AT ROCKEFELLER CENTER
10TH FLOOR
NEW YORK, NEW YORK 10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbalaw.com

DIANE L. HOUK

EMMA L. FREEMAN
DAVID BERMAN
HARVEY PRAGER
SCOUT KATOVICH
NICK BOURLAND
ANDREW K. JONDAHL
ANANDA BURRA
MAX SELVER

May 5, 2020

***By ECF***

Hon. Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

*Re: Tucker, et al. v. Bd. of Elections in the City of N.Y., et al.*, No 1:20-cv-03111

Dear Judge Caproni:

We write on behalf of Plaintiffs in the above-referenced action in response to the Court's Order to Show Cause (Dkt. 32). In light of critical new information disclosed by Defendant New York City Board of Elections ("NYCBOE") to Plaintiffs this afternoon, Plaintiffs now respectfully request that the Court enter a temporary restraining order ("TRO") to preserve the status quo by ordering the NYCBOE to halt printing and distribution of the absentee ballots for the 73rd State Assembly District Democratic primary election.

Earlier today, Plaintiffs served the Court's Order to Show Cause and Plaintiffs' related papers on the NYCBOE via email. *See* Ex. A at 3–4. Plaintiffs then asked the NYCBOE's counsel to clarify when the NYCBOE intended to print the ballots for the District 73 Democratic primary election. *See id.* at 2. In response, the NYCBOE General Counsel informed Plaintiffs for the first time that military ballots for the District 73 primary "are being printed and have to be distributed by Friday, May 8, 2020" and "Absentee and Special ballots" are to be printed "as soon thereafter as practicable." *Id.* at 1–2.

Absent a Court order preserving the status quo and directing the ballots not to be printed, there is a substantial risk that Plaintiffs' constitutional rights to cast their votes effectively and politically associate with Cameron Koffman, their candidate of choice, will be irreparably violated before the Court has the opportunity to consider the merits of Plaintiffs' preliminary injunction motion. *See Garcia v. Yonkers School Dist.*, 561 F.3d 97, 107 (2d Cir. 2009) ("The purpose of a temporary restraining order is to preserve an existing situation *in statu*

*quo* until the court has an opportunity to pass upon the merits of the demand for a preliminary injunction.") (citation omitted).

For all the reasons set forth in our brief in support of Plaintiff's motion for a preliminary injunction (Dkt. 28), Plaintiffs are entitled to a TRO. *See Sterling v. Deutsche Bank. Nat'l Trust Co.*, 368 F. Supp. 3d 723, 726 (S.D.N.Y. 2019) (it is well settled in the Second Circuit that the standards for granting a TRO and a preliminary injunction are "identical") (citations omitted). Plaintiffs respectfully request that the Court grant Plaintiffs' TRO and order the NYCBOE to halt the printing and distribution of any absentee ballots for the June 23, 2020 Democratic primary election for the 73rd State Assembly District.

Respectfully submitted,

/s/

Richard D. Emery
Samuel Shapiro
Nick Bourland

Encl. Ex. A – May 5, 2020 email exchange with NYCBOE counsel

c. Stephen Kitzinger, Assistant Corporation Counsel, *via email*
Steven H. Richman, General Counsel, NYCBOE, *vie email*
Martin Connor, attorney for Dan Quart, *via email*
N.Y.S. Office of the Attorney General, *via email* (service@ag.ny.gov).