THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**JAMES E. JOHNSON**
*Corporation Counsel*

**STEPHEN KITZINGER**
phone: (212) 356-2087
email: skitzing@law.nyc.gov

May 6, 2020

**VIA ECF**

Hon. Valerie E. Caproni
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square, Rm. 240
New York, New York 10007

Re: *Tucker v. Board of Elections, et al.*
Case No. 20 CV 3111 (VEC)

Dear Judge Caproni:

I am the Assistant Corporation Counsel assigned to represent defendants Board of Elections in the City of New York (the "Board") and seven[1] of the nine[2] Commissioners of Elections in the City of New York (the "Commissioners" and, together with the Board, the "Board Defendants"), in this "as applied" challenge to Art. III, Sec. 7, of the New York Constitution (the "Residency Requirement") which plaintiffs allege resulted in the Board Defendants disqualification of Cameron Koffman ("Koffman") as a candidate in the June 23, 2020 Democratic Party Primary Election (the "Primary Election") for Member of Assembly from the 73rd Assembly District ("Member of Assembly"). Plaintiffs now seek a temporary restraining order ("TRO") directing the Board to "halt printing and distribution of the absentee ballots for the 73rd State Assembly District Democratic primary election." The Board Defendants note that all affected parties have not been given notice of this application as that ballot includes not just the contest for Member of Assembly, but also contests for Member of

---

[1] For reasons unbeknownst to the Board Defendants, plaintiffs elected not to name Commissioners Taylor and Umane who currently serve as the President and Secretary of the Board, respectively.

[2] The Board is typically comprised of ten Commissioners – a Commissioner appointed from each of the two major parties from each of New York City's five counties. Presently, there is a vacancy in the seat for the Democratic Party Commissioner from Kings County.

Congress in the 12th Congressional District and Member of the New York State Senate in the 27th State Senate District, for which 6 other candidates have qualified to appear on the ballot. Thus, the interests of the other candidates who will appear on that ballot would be implicated by entry of such an order. Notwithstanding the above and for the reasons set forth below, plaintiffs can show no likelihood of success on the merits and therefore the TRO should not issue.

Contrary to plaintiffs' belief, the Board did not determine that the petition purporting to designate Koffman as a candidate (the "Designating Petition") for Member of Assembly at the Primary Election was invalid.[3,4] Thus, following the Board's administrative actions, Koffman remains a candidate and, barring an order of court of competent jurisdiction, will remain a candidate and his name will appear on the ballot. Co-defendant Quart has commenced a proceeding pursuant to Article 16 of New York's Election Law to invalidate the Designating Petition on the grounds that Koffman does not satisfy the Residency Requirement and therefore the Designating Petition is invalid (the "Invalidating Proceeding"). The Invalidating Proceeding alleges that Koffman failed to satisfy the Residency Requirement not because he was a student at Yale University, but because he registered to vote and cast a ballot in a state other than New York during the previous five years.

Plaintiffs allege, in this as-applied challenge brought pursuant to 42 U.S.C. § 1983, that the Board Defendants have violated their rights guaranteed to them under the First and fourteenth Amendments to the United States Constitution by determining that the Designating Petition is invalid because Koffman was enrolled as a student at an institution of higher learning outside of the state of New York. Nothing could be further from reality.

Plaintiffs' claims here are barred by the Second Circuit's decision in *Rivera-Powell v. N.Y.C. Bd. of Elec.*, 470 F.3d 458 (2006). *Rivera-Powell* stands for three-separate propositions here that mandate dismissal of plaintiffs' claims. First, with regard to Plaintiffs' First Amendment Claim, the Second Circuit held that:

---

[3] Pursuant to N.Y. Election Law § 6-154(1), as the Designating Petition was in proper form and appeared to contain at least the number of required signatures, it was presumed to be valid upon filing. No objections were lodged against it with the Board.

[4] Under the Election Law, the Board is a ministerial body vested with the authority to review documents for facial validity. *Wicksel v. Cohen*, 262 N.Y. 446 (1933); *Bednarsh v. Cohen*, 267 A.D. 133 (1st Dep't 1943). It does not have the authority to make determinations as to whether or not a candidate satisfies the Residency Requirement. *Schwartz v. Heffernan*, 304 N.Y. 474 (1952) ("It is settled that boards of election have no power to deal with questions of fact or with objections involving matters not appearing upon the face of the petition, and that such extrinsic matters, if any, are to be determined in court proceedings only.**")** Such determinations are left to the courts of the state of New York. *Diamondstone v. Connor*, 32 AD3d 482 (2nd Dep't 2006).

> [w]hen, as here, a plaintiff challenges a Board of Election decision not as stemming from a constitutionally or statutorily invalid law or regulation, but rather as contravening a law or regulation whose validity the plaintiff does not contest, there is no independent burden on First Amendment rights when the state provides adequate procedures by which to remedy the alleged illegality.

*Id*. at 469. Here, plaintiffs assert an as applied challenge – rather than a facial challenge – to the Residency Requirement. Accordingly, plaintiffs' First Amendment claim fails as a matter of law. Second, in order to prevail on their Equal Protection claim – which is nothing more than their First Amendment claim repackaged – plaintiffs "would have to show that the Board intentionally discriminated against [Koffman], either by adopting out of [protected status] animus policies which are facially neutral but have a [protected status] discriminatory effect, or by applying a facially neutral policy in a [protected status] discriminatory manner." *Id*. at 470. Here (setting aside that the Board did not act to disqualify Koffman as only Supreme Court may do that), plaintiffs have alleged only that the five-year requirement as applied to Koffman is not sufficiently tailored to the state's interest. Presumably this claim is premised on the assertion that Koffman is otherwise a lifelong resident of the 73rd Assembly District and the policies underlying the Residency Requirement are undermined by precluding his candidacy. This does not rise to the level of a constitutional claim and is not premised upon Koffman's membership in a protected class as they do not allege that if Koffman is ultimately disqualified it would be the result of intentional discrimination or by the application of the Residency Requirement in a discriminatory manner. Third, *Rivera-Powell* rejects sham proceedings – such as this one – that purport to assert as-applied challenges to Election Law requirements for candidate restored to the ballot fail. *Id*. at 468 ("For this reason, Rivera-Powell's due process claim fails. Her co-plaintiffs' claim also fails, as they have alleged no deprivation independent of Rivera-Powell's."). Plaintiffs interests here are the same as Koffman's and he must necessarily be a party to the instant proceeding as it is *his* – not the voters – interest in appearing on the ballot. Voters do not have an independent right to vote for a particular candidate. *See Marchant v. New York City Bd. of Elections*, 2013 U.S. Dist. LEXIS 116505, *16 (S.D.N.Y. 2013) ("In the instant case, as in *Rivera-Powell*, Plaintiffs' First Amendment claims are 'virtually indistinguishable' from their due process claims (and fail for the same reason), because they arise from the same alleged violation, namely, Plaintiff Lee's exclusion from the primary ballot due to errors in two cover sheets. *Id*. Plaintiffs have failed to identify a separate First Amendment violation, and as such, are unlikely to succeed on this claim.").

Even if *Rivera-Powell* did not mandate dismissal of plaintiffs' claims, the facts here would. Article III, Section 7 of New York's Constitution, requires that in order for a person to qualify to serve as a Member of Assembly, such person must be, *inter alia*: "a resident of the

state of New York for five years." N.Y. Const., Art. III, § 7. New York's Court of Appeals has determined that this provision requires that a person be a resident for the five years preceding the date of the general election. *Bourges v. LeBlanc*, 98 N.Y. 2d 418, 420 (2002) ("article III (§ 7) requires members of the State Legislature to reside in New York for a period of five years immediately preceding their election"). New York recognizes that a person may have more than one residence and for electoral purposes "may choose one to which [he or] she has 'legitimate, significant and continuing attachments.'" *Glickman v. Laffin*, 27 N.Y. 3d 810, 815 (2016) (citations omitted). While an individual may be afforded a choice of electoral residences, one may not – under New York law – have more than one electoral residence. *Id*. at 816 ("A person is permitted to have more than one residence, but is not permitted to have more than one electoral residence."). This Court is bound by the New York Court of Appeals interpretation of the State Constitutional provisions. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 79 (1938) ("[T]he voice adopted by the State as its own (whether it be of its Legislature or of its Supreme Court) should utter the last word." (internal quotation marks omitted)); *Fabozzi v. Lexington Ins. Co.*, 601 F.3d 88, 91-92 (2nd Cir. 2010).

Here, Koffman – if he is to be disqualified by Supreme Court – would be disqualified on account of his having registered to vote and actually having voted in Connecticut. Courts in New York have determined that for electoral purposes, registering to vote and voting in another state constitutes a break in one's electoral residence. *See e.g.*, *Notaristefano v. Marcantonio*, 164 A.D.3d 721 (2nd Dep't 2018) ("under established New York law, by taking the affirmative steps of registering to vote in North Carolina and casting votes there in 2012 and 2014, Marcantonio effectively severed his New York electoral residence"). Conn. Gen. Stat. § 9-12(a) states that: "Each citizen of the United States who has attained the age of eighteen years, and *who is a bona fide resident of the town to which the citizen applies for admission as an elector* shall, on approval by the registrars of voters or town clerk of the town of residence of such citizen, as prescribed by law, be an elector." (emphasis added). Because Koffman claimed to be a bona fide resident of New Haven, CT., his electoral residence became Connecticut and his New York electoral residence was terminated. *Glickman*, 27 N.Y. 3d at 816 ("Thus, when Glickman registered to vote in Washington, D.C., he was required to attest that Washington, D.C. was his sole electoral residence and that he did not maintain another voting residence. These factors clearly demonstrate that Glickman broke the chain of New York electoral residency which did not recommence until he registered to vote in New York in 2015.").

Additionally, Article II, Section 4 of New York's Constitution states that: "For the purpose of voting, no person shall be deemed to have gained or lost a residence, by reason of his or her presence or absence, while employed in the service of the United States; nor while engaged in the navigation of the waters of this state, or of the United States, or of the high seas; nor while a student of any seminary of learning." Therefore, it would actually violate New York's Constitution to disqualify Koffman as a candidate on the basis that he went to college out of state. Of course, there is no pending proceeding making such a claim.

For the foregoing reasons, plaintiffs' application for a temporary restraining order should be denied. Thank you for your consideration of this request.

Respectfully yours

/s/Stephen Kitzinger____________
Stephen Kitzinger
Assistant Corporation Counsel

cc: All counsel of record (via ecf)