EMERY CELLI BRINCKERHOFF & ABADY LLP

RICHARD D. EMERY
ANDREW G. CELLI, JR.
MATTHEW D. BRINCKERHOFF
JONATHAN S. ABADY
EARL S. WARD
ILANN M. MAAZEL
HAL R. LIEBERMAN
DANIEL J. KORNSTEIN
O. ANDREW F. WILSON
ELIZABETH S. SAYLOR
KATHERINE ROSENFELD
DEBRA L. GREENBERGER
ZOE SALZMAN
SAM SHAPIRO

ATTORNEYS AT LAW
600 FIFTH AVENUE AT ROCKEFELLER CENTER
10TH FLOOR
NEW YORK, NEW YORK 10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbalaw.com

DIANE L. HOUK

EMMA L. FREEMAN
DAVID BERMAN
HARVEY PRAGER
SCOUT KATOVICH
NICK BOURLAND
ANDREW K. JONDAHL
ANANDA BURRA
MAX SELVER

May 6, 2020

***By ECF***

Hon. Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

*Re: Tucker v. Bd. of Elections in the City of New York*, No. 20-cv-03111 (VEC)

Dear Judge Caproni:

On behalf of Plaintiffs in the above-referenced action, we write to briefly respond to the letters submitted by Defendants Dan Quart and the New York City Board of Elections ("NYCBOE") in opposition to Plaintiffs' motion for a TRO (Dkt. 36).

NYCBOE's legal argument relies primarily on a mischaracterization of the Second Circuit's holding in *Rivera-Powell v. New York City Board of Elections*, 470 F.3d 458 (2d Cir. 2006). *Rivera-Powell* was a procedural due process case brought by a candidate to challenge to the NYCBOE's decision to remove her from the ballot. *See id.* at 464–68. The candidate claimed the NYCBOE had "acted contrary to New York election law" by entertaining an untimely objection to her candidacy, "thereby depriving her of access to the ballot without *procedural due process*." *Id.* at 464 (emphasis added). While the plaintiffs tacked on a First Amendment claim as well, the Circuit found that claim to be "inextricably intertwined with the question of whether the state afforded [the candidate] procedurally adequate process." *Id.* at 469. In explaining that the plaintiffs' First Amendment claim was "virtually indistinguishable" from their procedural due process claim, the Circuit specifically cited the fact that the plaintiffs "did not challenge" state laws limiting the candidate's access to the ballot. *Id.* at 468. In other words, the case was not an as-applied challenge to the validity of a state election law; it was a challenge to NYCBOE's alleged failure to follow a concededly valid election law. *Id.* at 469.

This is not a procedural due process case. Plaintiffs' claims are based solely on the NYCBOE's violation of Plaintiffs' First Amendment rights, related associational rights, and

equal protection rights. Plaintiffs do not allege that the NYCBOE failed to follow the letter of the law or otherwise abridged Plaintiffs' procedural due process rights. To the contrary—and unlike the voters and candidate in *Rivera-Powell*—Plaintiffs challenge the constitutional validity of the five-year residence restriction, as applied to exclude from the ballot their candidate of choice, Cameron Koffman.

Contrary to the NYCBOE's breathtaking contention, *Rivera-Powell* does not bar as-applied constitutional challenges to the state election laws. Its holding is limited to procedural due process challenges, and thus is not applicable here. Indeed, since *Rivera-Powell* was decided, there have been numerous cases, including in the Second Circuit itself, that have upheld as-applied constitutional challenges to state election laws. *See, e.g.*, *Price v. N.Y. State Bd. of Elections*, 540 F.3d 101, 110–112 (2d Cir. 2008) (reversing district court and holding that the state election law was unconstitutional as applied to Albany County Republican Committee elections); *Hispanic Leadership Fund, Inc. v. Walsh*, 42 F. Supp. 3d 365, 386–87 (N.D.N.Y. 2014) (granting summary judgment to plaintiffs and finding the state election law unconstitutional as applied to plaintiff-political advocacy groups); *Credico v. N.Y. State Bd. of Elections*, No. 10 Civ. 4555, 2013 WL 3990784, at *23 (E.D.N.Y. Aug. 5, 2013) (granting summary judgment to plaintiff and finding the state election law unconstitutional as applied to the plaintiff-political party).

In fact, just yesterday, Judge Torres granted a motion for a preliminary injunction brought by New York Democratic primary voters who, like Plaintiffs here, brought an as-applied challenge to a provision of the New York Election Law. *See Yang v. Kellner*, 20 Civ. 3325, 2020 WL 2129597 (S.D.N.Y. 2020). Judge Torres held that the voters showed "a clear and substantial likelihood of success on the merits" of their claim that the defendants, including the New York State Board of Elections, had "deprived them of associational rights under the First and Fourteenth Amendments" by removing their presidential candidates of choice—Andrew Yang and Bernie Sanders—from the June 23 Democratic primary ballot. *Id.* at *7. A TRO is warranted here for the same reasons a preliminary injunction was necessary in *Yang*: absent emergency relief, Plaintiffs "will be deprived of the right to cast a vote for an otherwise qualified candidate and the political views expressed by that candidate." *Id.* The NYCBOE's failure to even mention *Yang* is telling.

Finally, on the merits, the NYCBOE's strident opposition to Koffman's candidacy is striking given its inconsistent representation in Quart's state court proceeding that the NYCBOE "does not have jurisdiction to rule on matters of residency" and "does not express an opinion as to the merits" of Quart's attempt to remove Cameron Koffman from the ballot. Ex. A ¶¶ 4–5.

In any event, in response to Defendants' letters to the Court, Plaintiffs seek only to ensure that no ballots are distributed without Koffman's name until the Court has an opportunity to consider the merits of Plaintiffs' claims. If the NYCBOE will agree not to distribute any ballots that exclude Koffman before Plaintiff's motion is heard, that would resolve Plaintiffs' request for a TRO.

We thank the Court for its consideration.

Respectfully submitted,

/s/

Richard D. Emery
Samuel Shapiro
Nick Bourland

Encl. Ex. A – May 4, 2020 Affirmation of Stephen Kitzinger

c. Stephen Kitzinger, Assistant Corporation Counsel, *via email*
Steven H. Richman, General Counsel, NYCBOE, *vie email*
Martin Connor, attorney for Dan Quart, *via email*
N.Y.S. Office of the Attorney General, *via email* (service@ag.ny.gov).