EMERY CELLI BRINCKERHOFF & ABADY LLP

RICHARD D. EMERY
ANDREW G. CELLI, JR.
MATTHEW D. BRINCKERHOFF
JONATHAN S. ABADY
EARL S. WARD
ILANN M. MAAZEL
HAL R. LIEBERMAN
DANIEL J. KORNSTEIN
O. ANDREW F. WILSON
ELIZABETH S. SAYLOR
KATHERINE ROSENFELD
DEBRA L. GREENBERGER
ZOE SALZMAN
SAM SHAPIRO

ATTORNEYS AT LAW
600 FIFTH AVENUE AT ROCKEFELLER CENTER
10TH FLOOR
NEW YORK, NEW YORK 10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbalaw.com

DIANE L. HOUK

EMMA L. FREEMAN
DAVID BERMAN
HARVEY PRAGER
SCOUT KATOVICH
NICK BOURLAND
ANDREW K. JONDAHL
ANANDA BURRA
MAX SELVER

May 7, 2020

***By ECF***

Hon. Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

*Re: Tucker v. Bd. of Elections in the City of New York*, No. 20-cv-03111 (VEC)

Dear Judge Caproni:

On behalf of Plaintiffs in the above-referenced action, per the Court's request, we write to provide further support for Plaintiff's motion for a preliminary injunction (Dkt. 28), which remains necessary in this case for the following reasons.

Courts have sustained as-applied constitutional challenges to candidate durational residency requirements before. *See Lux v. Judd*, 842 F. Supp. 2d 895, 901–05 (E.D. Va. 2012) (after Fourth Circuit reversal, district court granted summary judgment for candidate and his *voters* and declared state's U.S. congressional district residency requirement unconstitutional as applied to independent candidates where it severely burdened plaintiffs' associational rights without adequately serving the state's interests); *Robertson v. Bartels*, 890 F. Supp. 2d 519, 531 (D.N.J. 2012) (state's legislative residency requirement did not directly advance a substantial governmental interest and therefore failed strict scrutiny as applied during reapportionment years); *Callaway v. Samson*, 193 F. Supp. 2d 783, 758–88 (D.N.J. 2002) (state's residency requirement for municipal legislators was unconstitutional where it burdened *voters'* rights without sufficiently advancing the state's interests in preventing carpetbagging and ensuring candidates know their constituency well); *Headlee v. Franklin Cty. Bd. of Elections*, 368 F. Supp. 999, 1002–04 (S.D. Oh. 1973) (state's legislative residency requirement was unconstitutional as applied to a municipal race where the state "failed to meet its burden of showing that there is a compelling state interest which justifies a one year residency requirement for candidates").

While these cases were challenges to in-district residency requirements rather than in-state residency requirements, they rely on the well-established principle that voters' constitutional rights are burdened by "state laws governing which candidates may appear on the ballot," *Yang v. Kellner*, 20 Civ. 3325, 2020 WL 2129597, at *7 (S.D.N.Y. May 5, 2020), including candidate residency requirements that bar voters from politically associating and voting effectively for their qualified candidate of choice. *Robertson*, 890 F. Supp. 2d at 522 (noting that "the weighing process in each [residency requirement] case is fact sensitive" and requires the court to balance the government interests asserted against the impairment of plaintiffs' fundamental rights); *see also Illinois State Bd. of Elections v. Socialist Workers Party*, 440 U.S. 173, 184 (1979) (restrictions on ballot access implicate the right to associate for political purposes, the right to vote, and the right to express political preferences). The ample precedent establishing that voters' constitutional rights are burdened by in-district residency requirements as applied in specific circumstance, is not different in any legally probative way from the in-state residency requirement at issue here.[1]

There can be no dispute that Plaintiffs' constitutional rights to associate politically in support of and effectively vote for Koffman would be burdened if Koffman is removed from the ballot. As Defendants conceded during today's hearing, if the state court orders Koffman to be removed from the ballot, there will be no primary election in the 73rd Assembly District on June 23, 2020. It is hard to imagine a more direct burden on Plaintiffs' "right to associate for the advancement of political beliefs" and "right to cast their votes effectively" than having their qualified candidate of choice removed from the ballot. *Yang v. Kellner*, 20 Civ. 3325, 2020 WL 2129597, at *10 (S.D.N.Y. May 5. 2020) (quoting *Williams v. Rhodes*, 393 U.S. 23, 39 (1968)) (internal quotation marks omitted). And contrary to Defendants' assertion, it is immaterial that the upcoming election is a primary election rather than a general election. *See New York State Bd. of Elections v. Lopez Torres*, 552 U.S. 196, 204 (2008) ("We have . . . acknowledged an individual's associational right to vote in a party primary without undue state-imposed impediment."); *Lerman v. Bd. of Elections in the City of New York*, 232 F.3d 135, 152 (2d. Cir. 2000) (affirming district court order striking down unduly burdensome ballot access requirement in primary election); *Rockefeller v. Powers*, 78 F.3d 44, 45 (2d Cir. 1996) (same).

Accordingly, because barring Koffman from the primary ballot burdens Plaintiffs' constitutional rights, the Court must apply *Anderson-Burdick* and weigh the burden on Plaintiffs' rights against the state's interests in applying the residency requirement to exclude Koffman from the ballot. *See Timmons v. Twin Cities Area New Party*, 520 U.S. 351, 358 (1997) ("Where a state rule burdens a voter's constitutional rights, a court must "weigh the 'character and magnitude' of the burden the State's rule imposes on those rights against the interests the State contends justify that burden, and consider the extent to which the State's concerns make the burden necessary."); *Yang*, 2020 WL 2129597, at *7–12 (applying *Anderson-Burdick* and granting voters' preliminary injunction where their primary candidates of choice had been removed from the ballot, unconstitutionally burdening their First Amendment rights without sufficiently furthering the state's interests). As of today, Defendants have not asserted *any*

---

[1] Moreover, the burden on Plaintiffs is particularly onerous here because New York has the longest in-state durational residency requirement in the country for state house candidates. *See* "Who Can Become a Candidate for State Legislator," *National Conference of State Legislators* (Apr. 22, 2015), https://www.ncsl.org/research/elections-and-campaigns/who-can-become-a-candidate-for-state-legislator.aspx.

*interest* to justify burdening Plaintiffs' constitutional rights. Such cavalier disregard for Plaintiffs' rights cannot pass constitutional muster.

The NYCBOE's attempt to restyle this case as a facial challenge to New York's five-year residency requirement is meritless. An as-applied claim, such as the one Plaintiffs bring here, "does not contend that a law is unconstitutional as written but that its application to a particular person under particular circumstances deprived that person of a constitutional right." *Citizens United v. F.E.C.*, 558 U.S. 310, 331 (2010). A facial challenge, on the other hand, seeks to invalidate a law entirely and can therefore succeed only when there is "no set of circumstances . . . under which the [law] would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987). Plaintiffs are not claiming there is "no set of circumstances" under which the residency requirement would pass appropriate constitutional scrutiny. Plaintiffs take no position, for example, on the constitutionality of the residency requirement as applied to a candidate who never lived in New York, and this case does not require the Court to determine whether the residency requirement is unconstitutional in such a circumstance—or myriad other circumstances. Rather, Plaintiffs claim only that the residency requirement is unconstitutional *as applied* to exclude Koffman from the ballot and deny Plaintiffs the right to vote for him.[2]

Finally, filings made last night by Koffman in the state court proceeding make clear that he is a bona fide New Yorker who is in touch with the State's political issues and qualified to represent the 73rd Assembly District. *See* Affidavit of Cameron Koffman, attached hereto as Ex. A. Plaintiffs respectfully request that the Court consider these filings as supplemental support for Plaintiffs' preliminary injunction filing.

We thank the Court for its consideration.

Respectfully submitted,

/s/

Richard D. Emery
Samuel Shapiro
Nick Bourland

Encl. Ex. A – May 6, 2020 Affidavit of Cameron Koffman

c. Stephen Kitzinger, Assistant Corporation Counsel, *via email*
Steven H. Richman, General Counsel, NYCBOE, *vie email*
Martin Connor, attorney for Dan Quart, *via email*
N.Y.S. Office of the Attorney General, *via email* (service@ag.ny.gov).

---

[2] As the Court noted during today's hearing, *Rivera-Powell v. New York City Bd. of Elections*, 470 F.3d 458 (2d Cir. 2006) was a procedural due process case. The NYCBOE's spurious claim that *Rovera-Powell* forecloses all as-applied constitutional challenges to state election laws is disproved by the numerous as-applied cases we cited in our May 6, 2020 letter. (Dkt. 37).