**MARTIN E. CONNOR**
**Counselor at Law**
**Cell phone: 347-645-9146**
**e-mail: mconno9lectionlaw@gmail.com**

**61 Pierrepont Street, #71**
**Brooklyn, New York 11201**
**Telephone: 718-875-1010**

**119 Abrams Road**
**P.O. Box 596**
**Wells, New York 12190**
**Telephone: 518-924-7813**

**Please reply to: Wells, NY Office**

May 9, 2020

**By ECF**

Hon. Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re: *Tucker, et ano., v. Bd. of Elections in the City of NY, et al.,* No. 1:20-cv-0311

Dear Judge Caproni:

I am responding to the Plaintiff's letter citing cases concerning residence requirements for candidates.

The cases cited by Plaintiff's principally concern residency requirements for municipal offices and not state constitutional provisions governing high state offices. While being a Member of Assembly appears to many to be a "local" office it is, in fact, an office of statewide responsibility. Assembly Members make decisions affecting concerns from Buffalo to Montauk and concerning the economics of everything from finance to agriculture. The office does not compare to a municipal one.

While this case is an "as applied" constitutional challenge, your honor requested cases on residency requirement challenges whether facial or as applied.

*Sununu v. Stark* concerned New Hampshire's 7-year state residency requirement for State Senator. The court rejected a facial challenge to the requirement's constitutionality. 383 F.Supp. 1287 (D-NH 1974), *aff'd.,* 420 U.S. 958 (1975).

*Lewis v. Guadagno* upheld New Jersey's 4-year state residency requirement for legislative office. 837 F.Supp. 404 (D-NJ 2011).

It should be noted that the cases relied upon by plaintiffs have quite different facts that merited strict scrutiny. *Dunn v. Blumstein* concerned a lengthy residency requirement imposed on voters before they could vote for anyone for any office. 405 U.S. 330 (1972).

*Bullock v. Carter*, struck down a substantial monetary payment required of a candidate in order to be listed on the ballot. 405 U.S. 134 (1972). However, that decision also noted that the right to be a candidate is not a fundamental right. It further noted that the existence of barriers that limit the field of candidates does not of itself compel strict scrutiny.

The essence of plaintiff's complaint is they like a candidate who may not be constitutionally qualified for the office and they should be allowed to vote for him anyway.

Respectfully submitted,

/S/

Martin E. Connor
Attorney for Defendant Quart