THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**JAMES E. JOHNSON**
*Corporation Counsel*

**STEPHEN KITZINGER**
phone: (212) 356-2087
email: skitzing@law.nyc.gov

May 9, 2020

**VIA ECF**

Hon. Valerie E. Caproni
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square, Rm. 240
New York, New York 10007

Re: *Tucker v. Board of Elections, et al.*
Case No. 20 CV 3111 (VEC)

Dear Judge Caproni:

I am the Assistant Corporation Counsel assigned to represent defendants Board of Elections in the City of New York (the "Board") and seven of the nine Commissioners of Elections in the City of New York (the "Commissioners" and, together with the Board, the "Board Defendants"), in this "as-applied"[1] challenge to Art. III, Sec. 7, of the New York Constitution (the "Residency Requirement") which plaintiffs allege resulted in the Board Defendants disqualification of Cameron Koffman ("Koffman") as a candidate in the June 23, 2020 Democratic Party Primary Election (the "Primary Election") for Member of Assembly from

[1] Although styled as an as-applied challenge, because the New York Court of Appeals has announced clear standards for the application of the Residency Requirement, which Koffman does not meet, plaintiffs may only be successful here if the Residency Requirement itself is determined to be unconstitutional. There is no dispute that Koffman fails the test established by the Court of Appeals in *Glickman v. Laffin*, 27 N.Y. 3d 810 (2016). Plaintiffs' claim here is no different than a challenge to a law setting a minimum age to obtain a driver's license or to vote, which is based upon a determination of the age at which one is mature enough to drive or vote. Simply because someone believes that he or she is mature enough to drive or vote but has not reached the stated age, application of the requirement does not give rise to a constitutional challenge to the age requirement so long as it is applied equally to all.

the 73rd Assembly District ("Member of Assembly").[2] This letter is submitted in response to plaintiffs' letter dated May 7, 2020, which purports to identify successful as-applied challenges to candidate residency requirements and pursuant to this Court's order of that same date.

First, the Board notes that it is unclear whether or not plaintiffs even have standing to assert these claims. They have no interest – liberty, property, or otherwise – in Koffman's candidacy. They allege no connection to the candidate and acknowledged during oral argument that they did not sign the designating petition. As such, it is unclear what interest – other than that of a voter writ large – gives them an interest in a candidacy.

First, courts routinely find that durational residency requirements for state offices withstand Constitutional scrutiny. *Sununu v. Stark*, 383 F.Supp. 1287 (D.N.H. 1974), *aff'd mem.*, 420 U.S. 958 (1975) (upholding seven year residency requirement); *Akron v. Bell*, 660 F.2d 166 (6th Cir. 1981) (upholding both a municipal and in-district residency requirement); *Joseph v. Birmingham*, 510 F. Supp. 1319 (E.D. Mich. 1981); *See also Billington v. Hayduk*, 565 F.2d 824, 826 (2nd Cir. 1977) (not reaching the issue but expressing "grave doubt" as to whether a federal equal protection challenge to a five-year durational residency requirement for county executive is not foreclosed by *Sununu* and *Chimento*). As such, it is clear that a facial challenge (that would have had to have been brought by Koffman) would fail as a matter of law.

In an effort to frame this case as an as-applied challenge, plaintiffs cite four cases – three of which related to "in-district," rather than in-state, residency requirements – to support their claim that the instant action is a viable as-applied challenge to New York's residency requirement. The fourth case related to a residency requirement not for candidates, but for petition circulators. None of the cases support their claims. The first case cited by plaintiffs is *Lux v. Judd*, 842 F. Supp. 2d 895 (E.D. Va. 2012). It relates not to an in-district residency requirement for a candidate, but for petition circulators.[3] Moreover, *Lux* was both a facial and an as-applied challenge to the statute in question and was found to be facially unconstitutional. Where a statute is facially unconstitutional, by definition its application in that case must also have been unconstitutional. As such, it is neither relevant to a claim relating to a candidate's residency requirement, nor to whether or not plaintiffs' challenge to the residency requirement here is an as-applied or facial one.

---

[2] By order dated May 8, 2020, Supreme Court, New York County (Edmead, J.), determined that Koffman did not satisfy the Residency Requirement and therefore was not qualified to serve as a Member of the Assembly. A true and correct copy of that Decision and Order is attached hereto as Exhibit A.

[3] New York's similar requirements were struck down in *Lerman v. Bd. of Elec.*, 232 F.3d 135 (2nd Cir. 2000).

What distinguishes the in-district residency requirements from the instant case is that the challenges were the result of the changing of district boundaries and their impact on the candidate – not the candidate's own actions and the resultant impact. They were each premised on the fact that district lines are arbitrary and subject to periodic redrawing. *Robertson v. Bartels*, 890 F. Supp. 2d 519 (D.N.J. 2012)[4] in fact severely restricted a 10-year old injunction that prohibited enforcement on an in-district residency requirement *in toto*. The Court modified the injunction by limiting its application solely to reapportionment years when "a legislator or candidate could be moved arbitrarily from one political subdivision to another." *Callaway v. Samson*, 193 F. Supp. 2d 783 (D.N.J. 2002), while it was an as-applied challenge to an in-district residency requirement, it, too, was premised on the concept that district lines were arbitrary. Furthermore, while an as-applied challenge, the court's holding was based not on the facts and circumstances concerning the candidate's residency, but on the fact that the office was of such a local nature and that limiting residency to a municipal district, rather than the municipality as a whole, was not supportable. In other words, that statute was unconstitutional *as applied to the office, not the candidate*. Here, plaintiffs seek to have the Residency Requirement declared unconstitutional as to Koffman, not to the office. *Headlee v. Franklin Cty. Bd. of Elections*, 368 F. Supp. 999 (S.D. Oh. 1973), while also an as-applied challenge to an in-district residency requirement, is also easily distinguished from Koffman's situation. *Headlee* concerned a village election in a village that had recently been enlarged by the annexation of two separate areas, resulting in the addition of 342 new electors to the Village, resulting in a total of 714 qualified electors for village office. The in-district residency requirement, if applied to the now "new" residents of the village would have excluded nearly 50% of the electors from being eligible for election. Once again, that challenge was premised upon the fact that the geographic district had been altered as opposed to a candidate being sufficiently familiar with local concerns.

Here, plaintiffs attempt to mount a First Amendment challenge to the application of an admittedly valid provision of the New York Constitution as applied to Koffman. They claim that denying them the right to vote for Koffman adversely impacts their rights as voters. Contrary to plaintiffs' claims, a voter's interest and a candidate's interest are analyzed as one. *Bullock v. Carter*, 405 U.S. 134, 142 – 143 (1972) ("the rights of voters and the rights of candidates do not lend themselves to neat separation; laws that affect candidates always have at least some theoretical, correlative effect on voters"); *Dekom v. Nassau County*, 595 Fed. Appx. 12, 14 (2nd Cir. 2014) (*citing Rivera-Powell v. N.Y.C. Bd. of Elec.*, 470 F.3d 458 (2d Cir. 2006)); *Maslow v. Bd. of Elec.*, 658 F.3d 291, 297 (2011) (*citing Burdick v. Takushi*, 504 U.S. 428 (1992)). The Second Circuit has made it clear that "[u]nder *Rivera-Powell*, 'when a candidate raises a First Amendment challenge to his or her removal from the ballot *based on the allegedly*

---

[4] *Robertson* did not question the validity of New Jersey's requirement that candidates must be a resident of the stat for four years. That very provision which was upheld in *Lewis v. Guadagno*, 837 F. Supp. 2d 404 (D.N.J. 2011), against both a facial and as-applied challenge very similar to the provision being challenged here.

*unauthorized application of an admittedly valid restriction,' such as here, 'the state has satisfied the First Amendment if it has provided due process*.'" *Martins v. Pidot*, 663 Fed. Appx. 14, 17 (2nd Cir. 2016) (*citing Rivera-Powell*. at 469-70) (emphasis added). It is therefore clear that *Martins* and *Rivera-Powell* absolutely foreclose the relief sought and plaintiffs' claim must necessarily fail – whether brought by Koffman himself or, as here, by plaintiffs in his stead.

The facts and claims in this case are virtually identical to those in *Lewis v. Guadagno*, 837 F. Supp. 2d 404 (D.N.J. 2011).[5] *Lewis* was an as-applied challenge to New Jersey's four-year residency requirement to qualify to serve as a member of its state senate. Lewis, a native New Jerseyan, who had at all times "maintained significant connections" to the state, alleged that the residency requirement was unconstitutional as applied to him in light of "his history and ongoing connections with the State of New Jersey, his current residency, and his substantial involvement in public affairs." *Lewis*, 837 F. Supp. 2d at 413. While Lewis, like plaintiffs here, contended that to be valid, the residency requirement must satisfy strict scrutiny, the court there, citing *Munro v. Socialist Workers Party*, 479 U.S. 189, 194-95 (1986) and *Timmons v. Twin Cities Area New Party*, 520 U.S. 351 (1997), held that such a claim was subject only to the rational basis test and that the state did not even have the burden to "articulate[] a sufficient empirical justification for the provision's existence and application." *Lewis*, 837 F. Supp. 2d at 414. Rather, the court found that "[p]laintiff does not undermine a state constitutional provision designed to insure voter familiarity generally by merely offering evidence, or even proving, that voters are sufficiently familiar with him." *Id*. at 415. That court properly noted that:

> [i]f this Court were to frame the issue as Plaintiff has, trial courts faced with as-applied challenges to this and similar provisions would have to substitute their own judgment on a case-by-case basis as to whether the particular candidate's knowledge of the community and the community's familiarity with the candidate met some undefined and undefinable standard. . . . The effect would not be the laudable and necessary goal of equal protection but rather the opposite — the ad hoc application of an arbitrary and capricious standard by the branch of government least responsive to the public at large.

*Id*. This is precisely what plaintiffs here ask this Court to do. They claim, accepting their factual assertions as true, that because Koffman has maintained significant connections to New York

[5] The as-applied challenge in *Lewis* was brought under the Equal Protection Clause as is one of the claims here.

and, in their view, is well-versed in matters of local and state concern, should not be subject to the Residency Requirement.

Like the *Lewis* court, this Court should reject such a claim. The Lewis court concluded that:

> A rational, evenly applied, state constitutional provision that does not preclude, but merely delays, candidacy for a particular state office — even to one who already holds a significant elected office — does not offend the Federal Constitution. . .
>
> Plaintiff's connections to New Jersey, including his good deeds and notoriety, do not place him beyond a constitutional restriction that applies to anyone and everyone who seeks to become a New Jersey state senator. . .
>
> The durational residency requirement applies to all, regardless of economic status, race, creed, color, age, gender, and political affiliation. And it applies, has been applied, and ought to be applied, equally to the famous and the obscure, to the overachiever and the pedestrian, to the athletically gifted and the passive observer. Its populist appeal, and its democratic strength, lies in its universalism and objective application. In that way it vindicates an equally strong principle of constitutional law — the corollary to equal protection is equal application to all.

*Lewis*, 837 F. Supp. 2d at 418 – 19. For the same reasons that Lewis' claim failed, Koffman's claims – as presented by plaintiffs – must fail.

For the foregoing reasons, plaintiffs' application for a temporary restraining order should be denied. Thank you for your consideration of this request.

Respectfully yours

/s/Stephen Kitzinger_____________
Stephen Kitzinger
Assistant Corporation Counsel

cc: All counsel of record (via ecf)