**MARTIN E. CONNOR**
**Counselor at Law**
**Cell phone: 347-645-9146**
**e-mail: mconnorelectionlaw@gmail.com**

**61 Pierrepont Street, #71**
**Brooklyn, New York 11201**
**Telephone: 718-875-1010**

**119 Abrams Road**
**P.O. Box 596**
**Wells, New York 12190**
**Telephone: 518-924-7813**

**Please reply to: Wells, NY Office**

May 6, 2020

**By ECF**

Hon. Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re: *Tucker, et ano., v. Bd. of Elections in the City of NY, et al.,* No. 1:20-cv-0311

Dear Judge Caproni:

I am writing on behalf of my client Dan Quart, a defendant in this action, to oppose the granting of the TRO requested by the plaintiffs.

First, I believe I should inform the court of the status of the State court proceeding that seeks to have the candidate Cameron Alex Coffman removed from the Democratic Party Primary ballot for Member of Assembly from the 73rd Assembly District as not qualified to serve in the office for which he has filed a designating petition with the defendant Board of Elections.

The state court proceeding has been brought by rival candidate Dan Quart as an "aggrieved candidate" pursuant to Section 16-102(1) of the New York Election Law. The proceeding alleges that Mr. Koffman does not meet the 5-year residency requirement for Member of Assembly set forth in Article III, Section 7, of the state constitution. Section 6-122 of the NY Election Law states that a person shall not be designated or nominated who, *inter alia,* "if elected will not at the time of commencement of the term of such office or position, meet the constitutional or statutory qualifications thereof…."

The New York State Court of Appeals has defined the 5-year residence requirement in the state constitution as requiring 5 continuous years residence prior to election. *Bourges v. LeBlanc*, 98 N.Y.2d 418 (2002). In recognition of case law developed over the past few decades holding that a person may have more than one "residence" and choose one as his/her "electoral residence" (as opposed to old holdings that residence meant "domicile") the New York Court of Appeals further defined the state constitutional provision in 2016 to mean a person who registers

to vote, or votes, in another state has interrupted the five year continuous New York residence requirement for eligibility to be a member of the legislature. *Glickman v. Laffin*, 27 N.Y.3d 810, 816. A 2018 decision noted that a student does not lose his New York residence by attending school out of state; but, he does lose it by choosing the other state as his "electoral residence". *Notaristefano v. Marcantonio*, 164 A.D.3d 721 (2d Dept.).

Since Koffman admitted in his Verified Answer, filed on April 23, that he had voted in Connecticut in 2015, 2016, 2017 and 2018, the Petitioner (Quart) in the proceeding moved for summary judgment. The case is pending before Justice Edmead in Supreme Court, New York County. The Respondent Koffman has been directed to file papers in opposition to the motion for summary judgment by today. As of my writing this letter his attorneys have not done so.

The NY Appellate Division has scheduled primary election appeals to be heard on May 12 and (if necessary) on May 13. The NY State Court of Appeals has scheduled hearings on appeals, and motions for leave to appeal, in primary elections for May 19.

It should be noted that the state proceeding does not seek to have the Koffman designating petition declared invalid. It only seeks to have him declared disqualified as a candidate. If Koffman has included a committee to fill vacancies on his petition such committee may place a different candidate on the primary election ballot for the office. NY Election Law, Section 6-148(1).

The Defendant Board of Elections has not ruled on the eligibility of Koffman since no objections were ever made to his petition at the Board. This is because the Board lacks jurisdiction to rule on such a matter. See, *Diamondstone v. Connor*, 12 Misc.3d 1196[A] (Sup.Ct. Kings County), *affd* 32 A.D.3d 482 (2d Dept. 2006).

Unless there is a decision by the state courts before May 8 the military ballots are being printed with Koffman's name on them as a candidate for Member of Assembly.and will be mailed out that way. Is this the printing of ballots that Koffman's lawyers want to prevent? At the moment, the *status quo* is that Koffman is on the ballot.

It should also be noted that, should the state courts disqualify Koffman from the ballot, no absentee ballots will be printed for Member of Assembly from the 73rd Assembly District because there will be no contested primary election for that office unless and until a candidate is substituted by a committee to fill vacancies.

The plaintiffs lack standing to contest the constitutionality of Article III, Section 7. They are not persons directly affected by that provision since they are not seeking office in the legislature. To the extent they have a desire to support a young candidate and Koffman in particular as part of their First Amendment right to express those views they may do so by casting a write-in vote for him in the General Election on November 3, 2020. They certainly lack any right to insist on a candidate being listed on a party's primary election ballot who is deemed unqualified.

In sum, the entire Complaint is not accurate. Mr. Koffman's right to be on the ballot is not being challenged because he was a student in Connecticut. Indeed, his right to remain a New York resident while away at college is guaranteed by the NY constitution (Art. II, Section 4) and the NY Election Law [Section 5-104(1)]. He could have continued as an "electoral resident" of New York throughout his years in New Haven. However, he chose to make his Connecticut residence his "electoral residence". This is the reason he is being challenged.

Finally, it should be noted that the Second Circuit has found that the federal courts ought not become involved in dispute such as the instant one. *Rivera-Powell v. New York City Board of Elections*, 470 F.3d 458 (2006).

This case purports to be an "as applied" challenge to New York's constitutional provision as interpreted by the highest court in the State. However, such interpretation binds all persons who have voted out-of-state in the proceeding five years. Students have no special constitutional exemption from a generally applicable law. If they did, certainly two voters who are not students have no right to assert such a special status on behalf of someone else.

Defendant Quart respectfully requests that the TRO be denied.

Respectfully submitted,

/S/

Martin E. Connor
Bar No. mec1828
Attorney for Defendant Dan Quart

Copy:
Stephen Kitzinger, Esq., Assistant Corporation Counsel, *via email*
Steven H. Richman, Esq., General Counsel, NYCBOE, *via email*
NYS Office of Attorney General, *via email*
Richard Emery, Esq.; Samuel Shapiro, Esq., Nick Bourland, Esq., *via email*