THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**JAMES E. JOHNSON**
*Corporation Counsel*

**STEPHEN KITZINGER**
phone: (212) 356-2087
email: skitzing@law.nyc.gov

May 11, 2020

**VIA ECF**

Hon. Valerie E. Caproni
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square, Rm. 240
New York, New York 10007

Re: *Tucker v. Board of Elections, et al.*
Case No. 20 CV 3111 (VEC)

Dear Judge Caproni:

I am the Assistant Corporation Counsel assigned to represent defendants Board of Elections in the City of New York (the "Board") and seven of the nine Commissioners of Elections in the City of New York (the "Commissioners" and, together with the Board, the "Board Defendants"), in this "as-applied" challenge to Art. III, Sec. 7, of the New York Constitution (the "Residency Requirement") which plaintiffs allege resulted in the Board Defendants disqualification of Cameron Koffman ("Koffman") as a candidate in the June 23, 2020 Democratic Party Primary Election (the "Primary Election") for Member of Assembly from the 73rd Assembly District ("Member of Assembly"). I write in response to the Court's order dated May 8, 2020, to set forth the Board's plans concerning the building and distribution of absentee ballots.

In accordance with its ordinary practice, the Board will remove or add a candidate to the ballot upon receipt of an order from a court of competent jurisdiction. Thus, when the Board begins building the ballot on Monday morning, Koffman's name *will not be on the ballot*. It is expected that such absentee ballots will start to be mailed on Wednesday, May 13, 2020.

In addition, the Board offers a final word on the motion for a temporary restraining order. The Board has not addressed the *Anderson-Burdick* test (or offered a state interest) because the Second Circuit (as well as this District) has unequivocally stated that ballot exclusion claims do not give rise to a viable First Amendment claim in the absence of a facial challenge to the underlying statute. *Sloan v. Schulkin*, 689 Fed. Appx. 101, 103 (2nd Cir. 2017)

("because Sloan's 'First Amendment claim is inextricably intertwined with the question of whether the state afforded [him] procedurally adequate process,' it fails for the same reasons"); *Martins v. Pidot*, 663 Fed. Appx. 14, 17 (2nd Cir. 2016) ("Under *Rivera-Powell*, 'when a candidate raises a First Amendment challenge to his or her removal from the ballot based on the allegedly unauthorized application of an admittedly valid restriction,' such as here, 'the state has satisfied the First Amendment if it has provided due process.' *Id*. at 469-70. Pidot does not allege that the state failed to afford him due process. We therefore vacate the injunction on that ground."); *Dekom v. Nassau Cty.*, 595 Fed. Appx. 12, 14 (2nd Cir. 2014) ("For the same reasons that we dismissed the plaintiff's First Amendment claim in *Rivera-Powell* as 'virtually indistinguishable from her due process claim,' *id*. at 468-69, the district court correctly dismissed plaintiffs' First Amendment claim here."); *Bal v. Manhattan Democratic Party*, 2018 U.S. Dist. LEXIS 209680, *27 (S.D.N.Y. 2018); *Marchant v. New York City Bd. of Elec*, 2013 U.S. Dist. LEXIS 116505, *16 (S.D.N.Y. 2013). Plaintiffs acknowledge that the Residency Requirement is facially valid. Therefore, so long as Koffman[1] was provided Due Process – and he was – there is no independent burden on their First Amendment rights and the complaint should be dismissed.

Finally, the Board notes that on Friday, May 8, Judge Failla rejected an application for a temporary restraining order in *Abulafia v. Richman*, Case No. 20-3547 (KPF), in a ballot exclusion concluding the *Rivera-Powell* precludes both the Due Process and an as-applied First Amendment claims brought by candidate-voters there.

For the foregoing reasons, plaintiffs' application for a temporary restraining order should be denied. Thank you for your consideration of this request.

Respectfully yours

/s/Stephen Kitzinger
Stephen Kitzinger
Assistant Corporation Counsel

cc: All counsel of record (via ecf)

[1] Any attempt by plaintiffs to attempt to distinguish these cases because they were brought by candidates rather than voters, such efforts should be rejected as courts consistently hold that the rights of voters and candidates are analyzed "as a single inquiry." *Rivera-Powell v. N.Y. City Bd. of Elec.*, 470 F.3d 458, 468 fn. 11 (2nd Cir. 2006); *Thomas v. N.Y. City Bd. of Elec.*, 898 F. Supp. 2d 594, 599 (S.D.N.Y. 2012).