EMERY CELLI BRINCKERHOFF & ABADY LLP

ATTORNEYS AT LAW
600 FIFTH AVENUE AT ROCKEFELLER CENTER
10TH FLOOR
NEW YORK, NEW YORK 10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbalaw.com

RICHARD D. EMERY
ANDREW G. CELLI, JR.
MATTHEW D. BRINCKERHOFF
JONATHAN S. ABADY
EARL S. WARD
ILANN M. MAAZEL
HAL R. LIEBERMAN
DANIEL J. KORNSTEIN
O. ANDREW F. WILSON
ELIZABETH S. SAYLOR
KATHERINE ROSENFELD
DEBRA L. GREENBERGER
ZOE SALZMAN
SAM SHAPIRO

DIANE L. HOUK

EMMA L. FREEMAN
DAVID BERMAN
HARVEY PRAGER
SCOUT KATOVICH
NICK BOURLAND
ANDREW K. JONDAHL
ANANDA BURRA
MAX SELVER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:________________
DATE FILED: 05/08/2020

May 8, 2020

***By ECF***

MEMO ENDORSED

Hon. Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

*Re: Tucker v. Bd. of Elections in the City of New York*, No. 20-cv-03111 (VEC)

Dear Judge Caproni:

On behalf of Plaintiffs in the above-referenced action, we write to request that the Court enter a Temporary Restraining Order ("TRO") directing the New York City Board of Elections ("NYCBOE") to either (1) halt printing and distribution of ballots for the 73rd State Assembly District Democratic primary election, or (2) keep Cameron Koffman's name on the ballot for the 73rd State Assembly District Democratic primary election, until further Order from this Court.

Today, the New York County Supreme Court (Edmead, J.) granted Dan Quart's summary judgment motion, declared Cameron Koffman ineligible to be a candidate for a Member of the Assembly from the 73rd Assembly District in the June 23, 2020 Democratic primary, and restrained the NYCBOE from placing Koffman's name on the ballot for the primary. The court also denied Koffman's request for a stay to preserve his right to appeal.

Petitioners' request for a TRO is now unquestionably ripe. As the NYCBOE explained to the Court yesterday, ballots are already being printed and sent to members of the military, and other absentee ballots are bring printed within days. This Court's immediate intervention is necessary to preserve the status quo and ensure that ballots are not distributed without Koffman's name until this Court has the opportunity to consider Plaintiffs' preliminary injunction motion.

A TRO that gives the NYCBOE discretion to either stop printing and distributing ballots or continue distributing ballots so long as they include Koffman's name does not

prejudice Defendants. Defendants have the option of either waiting for a decision on the merits or, if they are concerned about delay, printing and distributing ballots with Koffman's name and, should the Court deny Petitioners' preliminary injunction motion, disregarding any votes cast in his favor—something Defendants have conceded is possible.

Therefore, for all the reasons set forth in Plaintiffs' preliminary injunction motion (Dkt. 27–31) and Plaintiffs' letters to the Court of May 6, 2020 (Dkt. 37) and May 7, 2020 (Dkt. 39), Plaintiffs respectfully request that the Court grant a TRO.

Respectfully submitted,

/s/

Richard D. Emery
Samuel Shapiro
Nick Bourland

c. Stephen Kitzinger, Assistant Corporation Counsel, *via email*
Steven H. Richman, General Counsel, NYCBOE, *vie email*
Martin Connor, attorney for Dan Quart, *via email*
N.Y.S. Office of the Attorney General, *via email* (service@ag.ny.gov).

Based on BOE's representations at the hearing on May 7, 2020, military and overseas ballots have been printed and distributed as of the close of business today, May 8, 2020, in accordance with federal law. Hearing Tr. at 6. Accordingly, Plaintiffs' immediate concern is the printing and distribution of the remaining absentee ballots and in-person ballots. At the hearing, BOE stated that such ballots would contain Mr. Koffman's name notwithstanding an adverse ruling from the New York Supreme Court, if removing his name from the ballot would cause an insufficient number of ballots to be produced in time. Hearing Tr. at 14-16.

Accordingly, the BOE Defendants are ordered to respond to Plaintiffs' renewed request for a TRO, no later than **11:00 A.M. on May 11, 2020**, or as soon as a decision has been made on whether to remove Mr. Koffman's name from the ballot design. The response must explain the current status of the remaining ballots. Plaintiffs' motion is held in abeyance pending such response.

SO ORDERED. Date: 05/08/2020

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE